**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 13, 2005
Decided September 15, 2005

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-2191

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

MAURICE PENNINGTON,
    *Defendant-Appellant.*

Appeal from the United States
District Court for the Western
District of Wisconsin

No. 04-CR-211-S-01

John C. Shabaz,
*Judge.*

**O R D E R**

Maurice Pennington pleaded guilty to possessing contraband in a federal prison, 18 U.S.C. § 1791(a)(2), and was sentenced to 33 months' imprisonment. Pennington filed a notice of appeal, but his appointed counsel now seeks to withdraw because he cannot discern a nonfrivolous basis for the appeal. *See Anders v. California,* 386 U.S. 738 (1967). Counsel's brief is facially adequate, and Pennington has not responded to our invitation under Circuit Rule 51(b) to comment on counsel's submission. Thus, our review is limited to those potential issues identified in counsel's brief. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

Counsel first evaluated whether Pennington might challenge the voluntariness of his guilty plea. Counsel, though, represents that Pennington has no interest in having his guilty plea set aside, and we have held that lawyers should not raise a voluntariness claim on appeal, or even explore the question in an *Anders* submission, unless the defendant wants the plea set aside. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). Therefore, no challenge to the plea would be before us.

Counsel also evaluated the sentencing proceedings for possible error but found none. The guideline calculations were undisputed and, even though Pennington was sentenced before the Supreme Court decided *United States v. Booker*, 125 S. Ct. 738 (2005), the district court anticipated that decision and applied the sentencing guidelines as advisory. The sentence imposed falls within the advisory range, and we agree with counsel that it would be frivolous to argue on this record that the 33-month term is unreasonable. *See United States v. Bryant*, No. 04-2850, 2005 WL 2000981, at *5 (7th Cir. Aug. 22, 2005); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005); *United States v. Dean*, 414 F.3d 725, 730 (7th Cir. 2005).

Accordingly, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.